UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-24192-XXXX

ALEJANDRO ESPINOZA,

        Plaintiff

v.

STATE AND LIBERTY CLOTHING COMPANY LLC, a Foreign Limited Liability Company D/B/A STATE AND LIBERTY,

        Defendant.

## DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND JURY TRIAL DEMAND

Defendant, STATE AND LIBERTY CLOTHING COMPANY LLC D/B/A STATE AND LIBERTY, by and through its undersigned counsel, hereby files its Answer & Affirmative Defenses to Plaintiff, Alejandro Espinoza's Complaint for Declaratory and Injunctive Relief, and Jury Trial Demand ("Complaint").

1. Defendant admits that Plaintiff purports to bring this action pursuant to 28 C.F.R. Part 36, but denies that Defendant violated 28 C.F.R. Part 36 and denies Plaintiff is entitled to any relief sought in the Complaint.

2. Defendant admits that the Court has jurisdiction over these claims but denies that Defendant violated any provisions of the ADA and denies that Plaintiff is entitled to any relief sought in the Complaint.

3. Defendant admits that the Court has supplementary jurisdiction over Plaintiff's common law tort claim pursuant to 28 U.S.C. §1367 but denies that Defendant violated any common law tort and denies that Plaintiff is entitled to any relief sought in the Complaint.

4. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 4, and therefore denies the same.

5. Defendant admits that Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 but denies that Plaintiff is entitled to any such relief.

6. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore denies the same.

7. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore denies the same.

8. Denied.

9. The allegations set forth in paragraph number 9 of the Complaint constitute conclusions of law, not assertions of fact, to which no response is required. Defendant denies that Plaintiff is entitled to any relief.

10. Defendant admits that venue is proper but denies that Defendant violated Title III of the ADA or committed any violation of a common law tort and denies that Plaintiff is entitled to any relief sought in the Complaint.

11. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 11, and therefore denies the same.

12. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 12, and therefore denies the same.

13. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and therefore denies the same.

14. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 14, and therefore denies the same.

15. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and therefore denies the same.

16. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 16, and therefore denies the same.

17. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 17, and therefore denies the same.

18. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and therefore denies the same.

19. Admitted.

20. Admitted.

21. Admitted that Defendant was and still is a private entity which owns and operates retail locations under the brand name "STATE AND LIBERTY." Defendant admits that the stores are open to the public. The allegations set forth in the remainder of paragraph number 21 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

22. The allegations set forth in paragraph number 22 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required. Defendant denies that Plaintiff is entitled to any relief.

23. Admitted that Defendant was and still is an organization owning and operating the website located at https://stateandliberty.com. The allegations set forth in the remainder of paragraph number 23 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

24. The allegations set forth in paragraph number 24 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

25. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 25, and therefore denies the same.

26. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 26, and therefore denies the same.

27. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 27, and therefore denies the same.

28. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 28, and therefore denies the same.

29. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 29, and therefore denies the same.

30. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 30, and therefore denies the same.

31. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 31, and therefore denies the same.

32. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 32, and therefore denies the same.

33. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 33, and therefore denies the same.

34. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 34, and therefore denies the same.

35. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 35, and therefore denies the same.

36. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 36, and therefore denies the same.

37. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 37, and therefore denies the same.

38. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 38, and therefore denies the same.

39. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 39, and therefore denies the same.

40. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 40, and therefore denies the same.

41. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 41, and therefore denies the same.

42. Denied.

43. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 43 and therefore denies the same.

44. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 44, and therefore denies the same.

45. The allegations set forth in paragraph number 45 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

46. The allegations set forth in paragraph number 46 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

47. Denied.

48. Denied.

49. Denied.

50. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 50 and therefore denies the same.

51. Denied.

52. Denied.

53. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 53 and therefore denies the same.

## COUNT I – VIOLATION OF THE ADA

54. Defendant adopts and re-alleges the allegations stated in paragraphs 1 through 53 above as if fully stated herein.

55. Admitted.

56. Admitted that Defendant's website provides the general public with the ability to view the products available at Defendant's locations, purchase products through Defendant's website, subscribe to Defendant's newsletter, create an account and register to track orders, create a wish list, and learn the story behind Defendant's brand. The allegations set forth in the remainder of paragraph number 56 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

57. The allegations set forth in paragraph number 57 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

58. The allegations set forth in paragraph number 58 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

59. The allegations set forth in paragraph number 59 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

60. Denied.

61. Denied.

62. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 62 and therefore denies the same.

63. Denied.

64. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 64 and therefore denies the same.

65. Denied.

66. The allegations set forth in paragraph number 66 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

67. The allegations set forth in paragraph number 67 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

68. The allegations set forth in paragraph number 68 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

69. The allegations set forth in paragraph number 69 of the Complaint constitute a recitation of the statute and/or conclusions of law, not assertions of fact, to which no response is required.

70. Denied

71. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 71 and therefore denies the same.

72. Denied.

73. Defendant admits that pursuant to 42 U.S.C. §12188 the Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief, but denies that Plaintiff is entitled to any relief sought in the Complaint.

74. Defendant denies that Plaintiff is entitled to judgment or any of the relief sought in Paragraph 74 and the "WHEREFORE" clause following paragraph 74 of the Complaint, including its subsections (a) through (k).

## COUNT II – TRESPASS

Defendant adopts and re-alleges the allegations stated in paragraphs 1 through 53 above as if fully stated herein.

75. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 75 and therefore denies the same.

76. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 76 and therefore denies the same.

77. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 77 and therefore denies the same.

78. Denied.

79. Denied.

80. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 80 and therefore denies the same.

81. Defendant is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 81 and therefore denies the same.

82. Denied.

Defendant denies that Plaintiff is entitled to judgment or any of the relief sought in the unnumbered "WHEREFORE" clause following paragraph 82 of the Complaint.

## GENERAL DENIAL

Defendant denies any and all allegations contained in the Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Having fully responded to the Complaint and without prejudice to its denials and other statements of its pleadings, Defendant asserts the following affirmative defenses as to all claims by Plaintiff pursuant to Rules 8(c) & 12(b) of the Federal Rules of Civil Procedure. By asserting the following affirmative and other defenses, Defendant does not assume any burden of production or proof that it does not otherwise have.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing to assert such claims. Plaintiff is not a qualified individual with a disability under the ADA and/or

there is an insufficient nexus between Plaintiff's alleged disability and the alleged barriers to access.

3. Plaintiff lacks standing to seek injunctive relief for the removal of alleged barriers that were not or will not be actually encountered by Plaintiff and/or that are not related to his alleged disability.

4. Plaintiff's claims are barred in whole or in part because he lacks standing. Plaintiff cannot demonstrate that he is likely to obtain goods or services in the future. Plaintiff cannot show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future or that he has a real and immediate threat of future injury.

5. The modifications demanded by Plaintiff are subject to, and limited by, applicable local, state, or other laws, and, as such, may not be able to be performed, in whole or in part, or would be technically infeasible, assuming arguendo that such modifications would be otherwise required.

6. To the extent any of the alleged barriers for which Plaintiff is seeking injunctive relief for their removal or modification is not technically feasible or readily achievable under 42 U.S.C. § 12182(b)(2)(A)(iv) and/or 28 C.F.R. § 36.304, such removal or modification is not required.

7. The safe harbor provisions set forth in 28 C.F.R. § 36.304(d) may limit, or otherwise bar, Plaintiff's claims in this action.

8. Defendant has made a good faith effort to comply with the Americans with Disabilities Act.

9. Defendant asserts that there are no barriers. Alternatively, any alleged barriers under the ADA have either been corrected or will be corrected thereby rendering the case moot

and depriving this Court of jurisdiction as there will no longer be a case or controversy and Plaintiff will no longer be entitled to seek injunctive relief or attorneys' fees.

10. Defendant is entitled to indemnification and/or contribution from third parties for relief sought by Plaintiff in this action, and/or fees and costs associated with any relief sought in this action.

11. Plaintiffs' claims are barred in whole or in part because the relief demanded would, if granted, result in a fundamental alteration to the way that Defendant provides goods and services to the public or is otherwise not required as a matter of law.

12. Defendant reserves the right to amend, supplement and/or correct these affirmative defenses, and/or add additional parties as needed.

WHEREFORE, having fully answered the Complaint and having raised legal defenses thereto, Defendant respectfully requests that this action be dismissed with prejudice in its entirety, that judgment be entered in favor of Defendant, and that Defendant be awarded its costs and reasonable attorney's fees incurred in defending this lawsuit pursuant to 42 U.S.C. §12205, 28 U.S. C. § 1927, and any other applicable law, in the event it is deemed the prevailing party in this action, or otherwise demonstrates entitlement to fees under said statutes.

Respectfully submitted,

By: */s/ Dax Dietiker*
Dax Dietiker, Esq.
Florida Bar No. 118167
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida 33323
Main: (954) 838-8832 / Fax: (954) 838-8842
Email:   dax.dietiker@mc-atty.com
Email:   eservice@dmc-atty.com
         laureengerard@mc-atty.com
*Attorneys for Defendant, State and Liberty Clothing Company LLC d/b/a State and Liberty*

CASE NO. 1:24-cv-24192-XXXX

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2024, I electronically filed the foregoing through the CM/ECF system and also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

 */s/ Dax Dietiker*
Dax Dietiker, Esq.
Florida Bar No. 118167

## **SERVICE LIST**

Richard J. Adams, Esq.
ADAMS & ASSOCIATES, P.A.
6500 Cowpen Road, Suite 101
Miami Lakes, FL 33014
Main: (786) 290-1963 / Fax: (305) 824-3868
Email: radamslaw7@gmail.com
*Attorneys for Plaintiff, Alejandro Espinoza*

Diego German Mendez, Esq.
MENDEZ LAW OFFICES, PLLC
8400 NW 36th St Ste 450
Doral, FL 33166-6606
Main: (305) 264-9090 / Fax: (305) 809-8474
Email: info@mendezlawoffices.com
*Attorneys for Plaintiff, Alejandro Espinoza*